**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ATCONTACT COMMUNICATIONS, LLC, | ) | Case No: 11-17175 EEB |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER EXTENDING TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL**
**PROPERTY LEASES PURSUANT TO BANKRUPTCY CODE § 365(d)(4)**

THIS MATTER comes before the Court on the Debtor's Motion to Extend Time to Assume or Reject Real Property Leases Pursuant to Bankruptcy Code § 365(d)(4) ("Motion"). The Court, being advised in the premises

FINDS that, while the Court has some questions about the sufficiency of the Motion's allegations of 'cause' for the extension, as required by 11 U.S.C. § 365(d)(4)(B), the Court acknowledges that, at present, no landlord is objecting to the requested extension.

FURTHER FINDS that the Court is aware that the landlord Echo Properties Corp. has consented to receive partial payments during this time frame, but the Court reads § 365(d)(3) as imposing a mandatory requirement that a debtor fully perform its obligations after the first sixty days of the case. It might be reasonable to assume that Congress intended this provision only to benefit lessors and, therefore, a particular lessor may waive this requirement. But Congress knew how to insert the language "upon prior written consent of the lessor" or "unless the lessor consents or the Court orders otherwise." It used this type of qualified language in § 365(d)(4)(B)(ii). It did not do so in § 365(d)(3). Perhaps Congress' intention was to prevent a debtor-in-possession or trustee from running up significant unpaid administrative expense claims. In any event, the lessor is free to waive rent or to agree to add it to the end of the lease or to otherwise change the contractual terms of the lease with the Debtor's consent, but whatever those contractual requirements are, § 365(d)(3) will not allow this Court to waive its mandatory requirement of full performance after the first sixty days and to allow the Debtor to incur these unpaid administrative expenses. It is therefore

ORDERED that the Motion is GRANTED on the following condition. The 120-day period to assume or reject non-residential real property leases prescribed by Bankruptcy Code § 365(d)(4)(A) is hereby extended for an additional 90 days, through and including October 31, 2011. This extension is, however, conditioned on the Debtor's timely performance of all obligations under said leases, until such time as it has assumed or rejected, as required by 11 U.S.C. § 365(d)(3).

FURTHER ORDERED that Debtor may ask the Court to reconsider the requirement of full performance by filing a motion with case authority supporting the ability to waive the requirements of § 365(d)(3).

DATED: July 29, 2011.

BY THE COURT:

Elizabeth E. Brown,
United States Bankruptcy Judge