UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

In re: )
 )
ATCONTACT COMMUNICATIONS, LLC, ) Case No: 11-17175 EEB
 ) Chapter 11
Debtor. )

**ORDER DENYING MOTION TO RECONSIDER PRIOR ORDER CONDITIONING EXTENSION OF TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASE ON FULL PERFORMANCE**

THIS MATTER comes before the Court on the Debtor's Motion to Reconsider this Court's Order of July 29, 2011, which conditioned the Debtor's extension of time to assume or reject its non-residential lease with Echo Properties Corp. ("EPC") (the "Motion to Reconsider"). The Court, being advised in the premises FINDS and CONCLUDES:

The Court expressly incorporates herein its prior ruling of July 29, 2011. In that ruling, the Court invited the Debtor to file a motion to reconsider "*with case authority supporting the ability to waive the requirements of § 365(d)(3).*" (emphasis added). In the Motion to Reconsider, the Debtor did not provide any supporting case authority. Instead the Debtor argued that the requirement of § 365(d)(3) was instituted for the benefit of the landlord and, therefore, the landlord should be allowed to waive its requirement. The Court acknowledges counsel's good argument, but the express language of subsection (d)(3) is written in mandatory terms (the "trustee *shall* timely perform *all* obligations of the debtor, . . . until such lease is assumed or rejected, *notwithstanding section 506(b)(1) of this title."* ) The final clause of the first sentence makes clear that the ability to give the landlord an administrative expense claim is not to be a substitute for full performance after the initial sixty-day period. It even repeats in the second sentence: "but the time for performance shall not be extended beyond such 60-day period." In contrast, subsection (d)(4) expressly provides for a landlord's consent in the event that the debtor seeks a second extension. Thus, Congress knew how to provide for a landlord's consent, but it did not include such an exception in subsection (d)(3).

In the Motion to Reconsider, the Debtor offers alternatively to treat the unpaid rent that will accrue each month as an unsecured loan. The Debtor asserts that the loan will be in the ordinary course of Debtor's business because EPC has accepted partial payments pre-petition. What the Debtor has not acknowledged is that by virtue of § 364(a) the unsecured post-petition "loan" would be entitled to an administrative expense priority claim. For whatever reason, Congress did not want debtors to suspend full performance beyond the initial 60-day period in reliance on § 503(b)(1).

This Court would be pleased to have a higher court tell it that it may read into subsection (d)(3) the Landlord's ability to consent to a waiver of timely performance of "*all*" obligations under the lease. Absent a binding precedent to this effect, the Court is compelled to apply the statute as written. Accordingly, it is hereby

ORDERED that the Motion to Reconsider is DENIED.

DATED: August 19, 2011.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown,
United States Bankruptcy Judge